UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| DENISE MEGAN BRONSDON | : | CASE NO. 07-14215-FJB |
| DEBTORS | : | |
| DENISE MEGAN BRONSDON, | : | |
| PLAINTIFF, | : | |
| v. | : | ADV. PRO. NO. 08-1062-JBR |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | : | |
| DEFENDANT. | : | |
| | : | |

**MEMORANDUM OF DECISION AFTER REMAND**

The District Court vacated this Court's order in the above proceeding in light of the District Court's conclusion that this Court made a legal error by "giving no weight to the ICRP [Income Contingent Repayment Plan] in the undue hardship analysis." The District Court remanded the proceeding with specific instructions that this Court "determine whether undue hardship exists in view of the fact that (a) participation in the ICRP will not necessarily, or even likely, result in any tax liability,[1] and (b) the availability of the ICRP option must be considered and given some weight without

---

[1] The District Court noted that the tax liability at the end of the 25 year repayment period under the ICRP may not result in a tax liability as such liability "is strictly contingent on Bronsdon's financial status in the far future." Determination of such liability is "speculative" as the District Court notes, but in a case such as the one presently before this Court, where the Debtor has made diligent efforts to find ways to increase her income and where her lifestyle may be accurately described as meager, to subject the Debtor to such uncertainly as she enters her senior years is not required by 11 U.S.C. § 523(a)(8).

necessarily being decisive. [sic]"

As the District Court noted, "[t]he decision whether to discharge [a student loan] in a case where the debtor is eligible but declines to participate in the ICRP must be the result of an individualized analysis in which the ICRP is given weight but for which no particular outcome is prescribed." District Court Memorandum of Decision at 21.

As this Court explained in its Memorandum of Decision, the Debtor testified that she was aware of the William D. Ford Program. If the Debtor were to participate in the program under the ICRP, based on today's formula prescribed by the Secretary of Education,[2] she would not be required to make monthly payments based on her income and expenses at the time of trial. That the Debtor would not be required to repay her student loan under the ICRP, however, does not mandate a finding that her failure to participate in the program prevents a discharge of the student loan debt under the Bankruptcy Code. Had Congress intended that debtors who qualify for zero repayment plans under the ICRP be compelled to sign up for that plan, it could have added that provision when the Bankruptcy Code underwent a major overhaul in 2005. Without such clear direction from Congress, finding the failure to participate in a zero payment ICRP is *per se* a lack of good faith, to the extent good faith is even an element of the test for determining undue hardship,[3] would be an abdication of this Court's

---

[2] The Secretary of Education has the power to establish ICRP schedules based on a borrower's adjusted gross income. *See* 20 U.S.C. § 1087e(d) and (e).

[3] The two tests for determining dischargeabilty of student loans are the totality of the circumstances test and the *Brunner* test. "Some courts conclude that either test leads to the same outcome, a conclusion neither this Court nor the BAP have endorsed. 'The significant difference between the Brunner approach and the totality of the circumstances test is the requirement in Brunner that a debtor demonstrate that she has

responsibilty to determine dischargeabilty of student loans.  Moreover as one court noted with respect to zero repayment plans, "shackling [the debtor] to the program would seem a pointless exercise since it would not entail the likelihood of any significant repayment."   In re Brown, 378 B.R. 623, 629 (Bankr. W.D.Mo. 2007).  See also In re Ford, 269 B.R. 673, 677-78 (8th Cir. B.A.P. 2001) (ICRP of zero payments not a realistic option for 62 year old with no prospects for repayment as loan would increase because of interest and not be forgiven until debtor was 87 years old); In re Barrett, 339 B.R. 435, 443 (Bankr. N.D. Ohio 2004) ("Looking at debtor's finances and prospects, the court does not see that debtor's financial situation is going to improve, in the next year or twenty-five years, to provide for any meaningful repayment of the debt. Debtor lives modestly and is unable to meet all expenses with his income, making participation in any repayment plan an undue hardship. While defendant may believe holding debtor hostage for twenty-five years to debt and compounding interest is not an undue hardship, the court does not accept this view."); In re Alston, 297 B.R. 410, 418 (Bankr. E.D.Pa. 2003) ("Retention of this now ten year old debt for another twenty-five years with the speculative hope that the Debtor's financial circumstances will improve runs counter to this legislative principle [of a fresh start for the poor but honest debtor.]").

   In the instant case shackling the Debtor to the ICRP would be such a pointless exercise.  Although her current payments under the ICRP would be zero, interest would

---

made good faith efforts to repay the educational loans at issue.' ECMC v. Kelly (In re Kelly), 312 B.R. 200, 206 (1st Cir. BAP 2004)." In re Denittis, 362 B.R. 57, 63 (Bankr. D. Mass. 2007).

3

continue to accrue despite the fact that the Debtor's chances of ever repaying any portion of the loan are virtually non-existent. The Debtor is now 65 years old, has failed to pass the Massachusetts bar examination three times. She testified she has no plans to retake the exam, which is reasonable in light of her testimony that she lacks the funds to do so, has not come within "striking distance" of passing, and importantly had a adverse physical reaction during the third examination whereby she almost fainted. Moreover, as set forth in this Court's Memorandum of Decision, the Debtor has attempted unsuccessfully to find employment as a secretary and has sought to publish a novel. These efforts demonstrate her good faith despite her reluctance to be forced into the Ford Program.

Nor are circumstances likely to improve for the Debtor. But for the ability to live in the den of her father's home, the Debtor, without some sort of financial aid, could easily become homeless. In view of her age and work history, her prospects for a better financial future are dim. To subject her to a meaningless repayment plan when she clearly does not have the ability to repay these student loans now or in the foreseeable future is not required by 11 U.S.C. §523(a)(8) and is inconsistent with this Court's role as the adjudicator of undue hardship.

**CONCLUSION**

For the reasons set forth herein, the Court concludes that the Debtor's failure to participate in the ICRP is insufficient to demonstrate a lack of good faith (again assuming such finding is integral to the test under 11 U.S.C. § 523(a)(8)) when weighed against this Debtor's efforts to try to improve her financial circumstance. Therefore the

student loans owed to Educational Credit Management Corporation are DISCHARGED.

    A separate order shall issue.

*/s/ Joel B. Rosenthal*

Dated: January 8, 2010            _____
                                         Joel B. Rosenthal
                                         United States Bankruptcy Judge